## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON BARLIP<br>38 Vacation Dr.<br>White Haven, PA 18661 | :<br>:<br>:<br>: |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| S&T TRUCKING, INC.<br>2287 Burgundy Dr.<br>Macungie, PA 18062<br>    and<br>SYLWIA OMERNIK<br>c/o S&T TRUCKING, INC.<br>2287 Burgundy Dr.<br>Macungie, PA 18062<br>    And<br>TINA COLLURA<br>c/o S&T TRUCKING, INC.<br>2287 Burgundy Dr.<br>Macungie, PA 18062 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| | : |
| Defendants. | :<br>: |

CIVIL ACTION

CASE NO.:

**JURY TRIAL DEMANDED**

### CIVIL ACTION COMPLAINT

Aaron Barlip (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      This action has been initiated by Plaintiff against S&T Trucking, Inc., Sylwia Omernik, and Tina Collura (hereinafter collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et. seq.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 et seq.), the Pennsylvania Human Relations Act

1

("PHRA")[1], the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and applicable state wage and hour law(s). Plaintiff asserts, *inter alia*, that he was not paid proper overtime compensation and experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendant S&T Trucking, Inc. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      There lies supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

4.      This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the *United States Supreme Court in Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit for date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's claims under the PHRA will mirror his ADA claims asserted herein, with the exception of naming individual Defendants.

6.     Plaintiff is proceeding herein under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

7.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.     Plaintiff is an adult individual with an address as set forth in the caption.

9.     Defendant S&T Trucking, Inc. ("Defendant Entity") is a trucking company with a location at the above-captioned address, out of which Plaintiff worked.

10.     Defendant Sylwia Omernik ("Defendant Omernik") is upon information and belief, the Owner of Defendant Entity and a high-level decision maker regarding the terms and conditions of employment for Defendant Entity's current and former employees (such as Plaintiff), including but not limited to hiring, firing, discipline, and compensation.

11.     Defendant Tina Collura ("Defendant Collura") is upon information and belief, the Vice President of Defendant Entity and a high-level decision maker regarding the terms and conditions of employment for Defendant Entity's current and former employees (such as Plaintiff), including but not limited to hiring, firing, discipline, and compensation.

12.     At all relevant times herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

3

**FACTUAL BACKGROUND**

13.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.    Plaintiff was hired by Defendants on or about October 18, 2024.

15.    At all times relevant herein, Plaintiff was employed with Defendant Entity as an Overnight Coordinator, reporting to Defendant Collura.

16.    Upon information and belief, Defendant Collura reported to Defendant Omernik.

17.    At all times during his employment with Defendant Entity, Plaintiff worked very hard and was a dedicated employee who did not have a history of progressive discipline.

**Defendant Fails to Pay Plaintiff Overtime Compensation**

18.    Throughout his employment with Defendant Entity, Plaintiff regularly worked 54 hours per week.

19.    Specifically, Plaintiff typically worked every Monday through Saturday from 9:00 p.m. until 6 a.m. with no breaks.

20.    During his employment with Defendant Entity, Plaintiff was always paid a salary of $1,075.00 per week (for working Monday through Friday) and then an additional flat rate of $300.00 per week for working on Saturdays.

21.    Despite consistently working 14 hours of overtime per week, Defendants failed to pay Plaintiff at a rate of time-and-a-half for those overtime hours.

22.    Plaintiff's role with Defendant Entity was a non-managerial and did not include disciplinary authority or independent decision making (and this is confirmed by Defendants' own SOP for Overnight Coordinators).

23. Plaintiff's role with Defendant Entity consisted of coordinating with drivers and FedEx by serving as the "middle man" between the two, providing information or action upon request (such as coordinating towing if a truck broke down), monitoring the drivers' activity, and escalating any issues to Defendant Entity's management (such as if a driver's idle time was excessive or unexplained).

24. Plaintiff was at all times relevant herein unequivocally a non-exempt employee while working for Defendants, who should have been paid overtime for all hours worked over 40 hours per week at a rate of time and one half.

25. However, Defendants violated state and federal law by refusing to pay Plaintiff time and one half for all hours that he worked over 40 hours in one week.

### Plaintiff Discloses His Disability and Requests Reasonable Accommodations Under the ADA

26. Plaintiff has and continues to live anxiety, a qualifying disability under the ADA.

27. Plaintiff's aforesaid disability, at times, limits his ability to perform some daily life activities, including but not limited to sleeping, focusing, concentrating, working, and engaging in social interaction.

28. Plaintiff disclosed his disability to Defendant Collura in or about January of 2025, when he requested a reasonable accommodation.

29. Specifically, Plaintiff requested from Defendants in January of 2025 that policies, expectations, and directives be provided to him in writing.

30. Following Plaintiff's requested accommodation in January of 2025, Plaintiff continued to work in his position without any significant issues for the next approximate year of his employment with Defendant Entity.

31. However, in or about early December of 2025, Plaintiff requested and was approved

to take FMLA for his aforesaid disability.

32.    Plaintiff commenced FMLA on December 8, 2025, and returned to work on December 15, 2025.

33.    In addition to taking a block medical leave (discussed *supra*), Plaintiff was also approved for intermittent FMLA upon his return to work.

**Plaintiff is Subjected to Retaliation Following His Requests for ADA Accommodations/FMLA Leave and His Complaints of ADA/FMLA Violations**

34.    Shortly after returning to work from FMLA, Plaintiff began to be subjected to a discriminatory and retaliatory hostile work environment.

35.    Fo example, prior to taking medical leave, Christmas Eve had been a paid holiday (along with other holidays).

36.    However, after returning from medical leave, Plaintiff was informed that he would not be paid for Christmas Eve.

37.    Plaintiff questioned Defendants' decision to deny him holiday pay and asked Defendant Collura if this decision was made because he had just taken FMLA.

38.    Defendant Collura responded to Plaintiff's questioning by she stating that prior holiday pay had been a "mistake;" however, Plaintiff had been granted holiday pay for multiple holidays throughout his employment with Defendants.

39.    Therefore, Plaintiff continued to raise concerns to Defendant Entity's management, including Defendant Collura, that he believed the decision to deny him holiday pay was made because he had taken FMLA.

40.    Eventually, Defendant Collura's decision to deny Plaintiff holiday pay for Christmas Eve was reversed.

41.    On or about December 27, 2025, Plaintiff was notified by Defendant Collura that

his Saturday work and pay would be reevaluated and potentially discontinued, despite the fact that Saturday work had been a regular and longstanding part of Plaintiff's schedule since he began employment with Defendants.

42.    On or about December 29, 2025, Plaintiff escalated his concerns of FMLA retaliation and interference to Jennifer McCarney (Human Resources – hereinafter "McCarney").

43.    McCarney responded to Plaintiff's aforesaid protected complaint by stating that she would speak to Defendant Collura about his concerns.

44.    Following his discussion with McCarney, and despite confirming his willingness and availability to continue working Saturdays, Defendant Collura notified Plaintiff on January 13, 2026 that his Saturday work would end, effective January 31, 2026.

45.    Plaintiff notified Defendant Omernik and Defendant Collura immediately after Defendants removed his Saturday shift that he had submitted his concerns of discrimination and retaliation to the appropriate external agencies (including the PHRC/EEOC)[2], to which Defendant Collura acknowledge receipt of this information.

46.    In addition to the foregoing retaliatory and discriminatory actions, Defendant Collura also began to closely scrutinize and surveillance Plaintiff's work following his return from FMLA.

47.    For example, prior to Plaintiff's FMLA leave, Defendant Collura rarely engaged in real-time overnight supervision of Plaintiff's work.

48.    However, after Plaintiff returned from FMLA, and even more so after he expressed concerns about FMLA retaliation (discussed *supra*), Defendant Collura began to engage in real-time overnight supervision of Plaintiff's work by sending multiple overnight emails questioning

---

[2] Plaintiff officially filed a Complaint of discrimination and retaliation with the PHRC in mid-January of 2026.

his work (which was completely inconsistent with how Defendant Collura managed Plaintiff prior to when he engaged in protected activity under the FMLA and ADA).

49.    It was clear that Defendant Collura was trying to create a paper trail on Plaintiff in an effort to expedite his ultimate termination.

50.    On or about January 15, 2026, during the midst of Defendant Collura's discriminatory and retaliatory harassment (discussed *supra*), Plaintiff emailed Collura and cc'd Defendant Omernik renewing his January 2025 request for an accommodation, which included his request for written clarification of overnight duties and standard operating procedures.

51.    Plaintiff did not receive a response to his accommodation request until on or about January 24, 2026, when he was contacted by McCarney, who indicate that she would initiate the ADA interactive process and outline the required documentation that needed to be completed.

52.    Plaintiff completed that aforesaid ADA accommodation paperwork and submitted it to Defendants on January 25, 2026.

53.    On or about January 27, 2026, Plaintiff was contacted by McCarney and in connection with their prior discussion regarding his request ADA accommodations, she provided him with an Overnight Coordinator SOP, which outlined duties and time frames.

54.    Notably, Plaintiff had never seen this SOP before January 27, 2026, and many of the duties listed on the aforesaid SOP were contradictory to how his job had historically been performed.

55.    When Plaintiff questioned this, McCarney first stated that that the duties had always been in place but then stated the SOP she had given him was a "rough draft."

56.    Plaintiff requested that the finalized SOP be provided once it was completed.

57.    Before Defendant provided Plaintiff with a finalized SOP outlining his Overnight

Coordinator duties/responsibilities, Plaintiff was abruptly terminated.

58.    On or about January 29, 2026, Plaintiff was informed by McCarney and Michael Fornarotto in Human Resources (title unknown) that he was being terminated from his position with Defendant Entity because of his alleged "performance."

59.    When Plaintiff questioned his reason for his termination, stating that he had never been written up for performance, Plaintiff was told that there were "questions on whether or not you can do the job."

60.    However, Defendants never issued Plaintiff any written discipline regarding his performance and praised his performance prior to taking FMLA leave.

61.    It is clear Defendant Entity's management, including Defendants Collura and Omernik, targeted Plaintiff and fabricated a reason to terminate him while he was in the middle of requesting an accommodation under the ADA and shortly after complaining of discrimination/retaliation under the ADA and FMLA.

62.    Based on the foregoing, Plaintiff believes and avers that he was terminated in violation of the ADA and FMLA.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Failure to Accommodate; [4] Hostile Work Environment)**
**-Against Defendant Entity Only-**

63.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

64.    Plaintiff was subjected to a hostile work environment based on his (1) known disabilities; (2) perceived disabilities; (3) record of impairment; (4) requests for reasonable accommodations; and/or (5) complaints of discrimination/retaliation under the ADA.

65.    Defendant Entity also failed to accommodate Plaintiff by refusing to provide him with written clarification of overnight duties and standard operating procedures before terminating his employment.

66.    Plaintiff believes and avers that his (1) known disabilities; (2) perceived disabilities; or (3) record of impairment was a motivating and/or determinative factor in Defendant Entity's decision to terminate his employment.

67.    Plaintiff also believes and therefore avers that Defendant Entity terminated his employment in retaliation for engaging in protected activity, including requesting accommodations and complaining of violations under the ADA.

68.    Lastly, Plaintiff believes and avers that Defendant Entity terminated his employment in order to avoid having to accommodate his disability.

69.    As a result of the foregoing, Defendant Entity's conduct constitutes unlawful discrimination, retaliation, failure to accommodate, and hostile work environment in violation of the ADAAA.

## COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
**(Retaliation & Interference)**
**-Against All Defendants-**

70.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

71.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

72.    Plaintiff requested leave for medical reasons from Defendants, his employers, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

73.    Plaintiff had at least 1,250 hours of service with Defendants during his last full year of employment.

74.    Defendant Entity is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendants for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

75.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

76.    Plaintiff suffered from serious health conditions within the meaning of the FMLA.

77.    Plaintiff exercised his rights under the FMLA by requesting and/or utilizing block and intermittent leave for his serious health condition.

78.    Defendants committed interference and retaliation violations of the FMLA by:

   i.    removing Plaintiff's Saturday shift for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave;

   ii.   removing Plaintiff's Saturday shift in retaliation for complaining of FMLA violations;

   iii.  terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave;

   iv.   terminating Plaintiff in retaliation for complaining of FMLA violations;

   v.    considering Plaintiff's FMLA leave needs in making the decision to remove his Saturday shift and/or terminate him;

   vi.   taking actions towards him which would deter a reasonable person in his position from taking FMLA-qualifying leave; and

vii.   terminating him to prevent him from taking FMLA-qualifying leave in the future.

79.    Defendants Collura and Omernik are individually liable because they are high-level managers who controlled the terms of Plaintiff's employment and personally participated in the discriminatory and retaliatory actions asserted herein.

80.    Defendants' actions as aforesaid constitute violations of the FMLA.

**COUNT III**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Overtime Violations)**
**- Against All Defendants -**

81.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

82.    At all times relevant herein, Defendants have and continue to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

83.    At all times relevant herein, Defendants to this Civil Action Complaint were responsible for paying wages to Plaintiff.

84.    At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

85.    The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

86.    At all times during their employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

87.     Throughout Plaintiff's employment with Defendants, Plaintiff was paid a weekly salary of $1,075.00 (for working Monday through Friday) and a flat rate of $300 for every Saturday shift he worked.

88.     Plaintiff worked 54 hours per week nearly every week he worked for Defendants.

89.     Plaintiff was not properly paid for all hours that he worked in excess of 40 hours per week.

90.     Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

91.     Defendants Collura and Omernik are personally liable because they were responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation and they personally and intentionally deceived Plaintiff regarding his compensation.

## COUNT IV
## Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Overtime Violations)
### - Against All Defendants -

92.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

93.     Defendants' failure to pay overtime compensation in the aforesaid manners (as described in COUNT III) also constitutes a violation of the PMWA.

94.     Defendants Collura and Omernik are personally liable because they were responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation and they personally and intentionally deceived Plaintiff regarding his compensation.

13

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, overtime compensation, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate including but not limited to damages for emotional distress, pain, suffering and humiliation;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: July 1, 2026

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Aaron Barlip | : | CIVIL ACTION |
| v. | : | |
| S&T Trucking, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
       and Human Services denying plaintiff Social Security Benefits.                              (  )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
       exposure to asbestos.                                                                      (  )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
       commonly referred to as complex and that need special or intense management by
       the court.  (See reverse side of this form for a detailed explanation of special
       management cases.)                                                                         (  )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.             (x )

| | | |
|---|---|---|
| 7/1/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                  Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BARLIP, AARON

## DEFENDANTS
S&T TRUCKING, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff    Luzerne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Pharmaceutical Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ☐ 368 Asbestos Personal ☐ 340 Marine   Injury Product | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product   Liability **PERSONAL PROPERTY** | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 360 Other Personal   Property Damage | Relations | ☐ 862 Black Lung (923) | Exchange |
| | Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| | mployment   **Other:** | **IMMIGRATION** | | State Statutes |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Other   ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | Actions | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); FLSA (29USC201)
Brief description of cause:
Violations of the ADA, FMLA, FLSA, PHRA and applicable state wage and hour law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 7/1/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____